UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CREDENDO-SHORT-TERM NON-EU RISKS<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS ARRIOLA; WIZTEL USA, INC., a Nevada corporation; JOSIAS MALLEN; HANSEL HERNANDEZ; TELCO SOLUTIONS, LLC, a Colorado limited liability company; OSMAR SEPULVEDA; TELCO ENTERPRISE, INC., a Florida corporation; TRISTAN NAPOLEON DESECHENES MARTINEZ; VOISTER TELECOM, INC., a Florida corporation; and JOSE ARISMENDI SANTANA,<br><br>    Defendants. | Case No. 1:23-cv-24258 |

## **MOTION FOR FINAL DEFAULT JUDGMENT**

Credendo-Short-Term Non-EU Risks ("Plaintiff"), through the undersigned counsel, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the Court's December 4, 2024 Order on Final Default Judgment Procedure (ECF No. 39), respectfully requests the Court enter final default judgment in favor of Plaintiff and against Defendants, jointly and severally, on the following grounds:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 7, 2023, Plaintiff filed its Complaint seeking money damages arising from Defendants' fraudulent conduct whereby Defendants fraudulently reinstated certain companies, including Florida companies; misappropriated corporate identities to enter into fraudulent contracts for voice-over-internet-phone services; incorporated identically-named companies to

1

open escrow accounts to send and receive monies under the fraudulent contracts; and ultimately defraud Plaintiff for over EUR 1,400,000. With leave of Court, Plaintiff filed its First Amended Complaint on August 20, 2024, to include allegations that would allow Plaintiff to serve Defendants via substitute and alternate service. ECF No. 25 (Order Granting Motion for Substitute and Alternate Service); ECF No. 26 (First Amended Compl.).

Between September and November 2024, Plaintiff served Defendants via personal service, substitute service, publication, and e-mail. *See* ECF No. 36 (Response to Order to Show Cause). Defendants did not appear, file an answer, or otherwise respond to the First Amended Complaint and, therefore, the Clerk defaulted Defendants on December 4, 2024. ECF No. 38. Thereafter, the Court instructed Plaintiff to file its motion for final default judgment on or by December 26, 2024. ECF No. 39.

## II.     ARGUMENT

### A.     Legal Standard

By their defaults, Defendants have admitted Plaintiff's well-pleaded allegations of fact, are concluded on those facts by the judgment, and are barred from contesting on appeal the facts thus established. *Demetech Corp. v. Hawkeye Sys., Inc.*, Case No. 23-cv-24134, 2024 U.S. Dist. LEXIS 10308, *2 (S.D. Fla. Jan. 17, 2024) (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). *See also First Green Indus. A.S. v. Solar Dairy, LLC*, Case No. 23-cv-22433, 2024 U.S. Dist. LEXIS 172444, *6 (S.D. Fla. Sept. 24, 2024) ("The effect of a clerk's default is that all of the plaintiff's well-pled allegations are deemed admitted.").

However, conclusions of law are determined by the Court. *Demetech Corp.*, U.S. Dist. LEXIS 10308. "[B]efore entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for

the particular relief sought." *First Green Indus.*, 2024 U.S. Dist. LEXIS 172444 at *7. If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 U.S. Dist. LEXIS 37414, 2023 WL 2395475, *1 (S.D. Fla. Mar. 7, 2023)).

**B.     The Court has Personal Jurisdiction Over Defendants**

As described in the First Amended Complaint, Defendants Telco Enterprise, Inc. and Voister Telecom, Inc. are Florida companies with their principal place of business in Boca Raton, and Miami, Florida, respectively. Am. Compl., ECF No. 26, ¶¶ 16, 20. Accordingly, the Court has personal jurisdiction over Defendants Telco Enterprise and Voister. *See McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017) (noting two "paradigm bases" for general jurisdiction over a corporation are its place of incorporation and principal place of business.).

Defendants Josias Mallen, Tristan Napoleon Desechenes Martinez, and Jose Arismendi Santana resided in Miami, Florida when the causes of action alleged in the First Amended Complaint accrued. Am. Compl., ECF No. 26, ¶¶ 7, 17, 21. Further, Defendants Desechenes and Santana each represented that they were the sole owners of Telco Enterprise and Voister—two Florida corporations. *Id.* at ¶¶ 102, 120.  Subsequent to the facts alleged in the First Amended Complaint, Defendants Mallen, Desechenes, and Santana seem to have fled Miami. *Id.* at ¶¶ 8, 18, 22. While Plaintiff was able to personally serve Defendant Mallen in the Dominican Republic (ECF No. 36-3), the whereabouts of Defendants Desechenes and Santana are unknown, as they

3

seem to be concealing their whereabouts. Am. Compl., ECF No. 26, ¶¶ 18-19, 22-23. Here, the Court has personal jurisdiction over Defendants Mallen, Desechenes, and Santana because they were residents of and conducted business in Miami, Florida, at the time Plaintiff's tort claims accrued.

The Court has personal jurisdiction over non-resident Defendants Arriola, Hernandez, Sepulveda, Wiztel USA, and Telco Solutions under a co-conspirator theory. Under the Florida long-arm statute, any person who personally or through an agent commits a tortious act within Florida submits themselves to the personal jurisdiction of Florida courts for any cause of action arising of out the tortious act committed in Florida. § 48.193(1)(a)(2), Fla. Stat. (2024). And where a plaintiff successfully alleges a claim for civil conspiracy to commit a tortious act, Florida courts apply the "well-accepted rules applicable to the liability of co-conspirators in the criminal context:"

> Those rules make every act and every declaration of each member of the conspiracy the act and declaration of them all. Additionally, each conspirator is liable for and bound by the act and declaration of each and all of the conspirators done or made in furtherance of the conspiracy even if not present at the time."

*Wilcox v. Stout*, 637 So. 2d 335, 337 (Fla. 2d DCA 1994) (citing *Honchell v. State*, 257 So. 2d 889 (Fla. 1971); *Farnell v. State*, 214 So. 2d 753 (Fla. 2d DCA 1968); *Martinez v. State*, 413 So. 2d 429 (Fla. 3d DCA 1982))."It follows that acts of a conspirator in furtherance of a conspiracy may be attributable to other members of the conspiracy and that personal jurisdiction over a nonresident coconspirator may be exercised even absent sufficient personal minimum contacts with the forum if those contacts are supplied by another." *Amersham Enters. v. Hakim-Daccach*, 333 So. 3d 289, 296 (Fla. 3d DCA 2022) (quoting 21 C.J.S. Courts § 63 (2021)). Moreover, in *Sotloff v. Qatar Charity*, Case No. 22-cv-80726, 2023 U.S. Dist. LEXIS 93911 (S.D. Fla. May 30, 2023), Judge Middlebrooks adopted the Second Circuit Court of Appeals' test for establishing

conspiracy jurisdiction, which states "the plaintiff must allege that (1) a conspiracy existed; (2) the defendants participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Id.* at *48-49.

Plaintiff has met all elements to establish conspiracy jurisdiction. First, Plaintiff alleged—and Defendants admitted through their default—that Defendants participated in a conspiracy to defraud Golem (Plaintiff's insured). ECF No. 26, ¶¶ 159-164. Second, Plaintiff established that some of the Defendants, including Deschenes, Santana, Telco Enterprise, and Voister committed overt acts in Florida in furtherance of the conspiracy including, for example, fraudulently reinstating Florida companies and misappropriating their corporate identities in order to induce Golem to enter into contracts. *See, e.g.* Am. Compl., ECF No. 26, ¶¶ 27-28, 82, 88-92, 95-98, 103-105, 110, 116-117, 121-123, 126-129 (alleging tortious conduct occurring in Florida). Based on the foregoing, the Court should exercise personal jurisdiction over all non-resident Defendants. *Amersham Enters.* 333 So. 3d 289, 296.

### C. Plaintiff Stated a Claim for Fraud

To sustain a claim of fraud, Florida law requires that a plaintiff allege "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) the statement maker's intent to induce plaintiff to act in reliance of the false statement; and (4) injury to the plaintiff as a result of the plaintiff's justifiable reliance on the representation." *Kennedy v. Deschenes*, Case No. 17-cv-60110, 2017 U.S. Dist. LEXIS 76501, *10 (S.D. Fla. May 19, 2017).

Here, Plaintiff's allegations, as admitted by Defendants' default, properly state a claim for fraud. Am. Compl., ECF No. 26, ¶¶ 152-58. First, Plaintiff alleges that each Individual Defendant

5

made a false statement to Golem when they pretended to be legitimate representatives of Original UPI, Original Red Phone, Original Telco Solutions, Original Telco Circuits, Telco Enterprise, and Voister, when they were not. Am. Compl., ECF No. 26, ¶¶ 154 (Count I); 40, 42, 48, 50, 52, 59-63, 67, 72-76, 82-83, 88-93, 98, 104-105, 107-110, 117, 121-123, 126-129 (factual allegations of false statements and misrepresentations). The Telecom Defendants, too, misrepresented their corporate identity by pretending to be legitimate telecommunications companies when, in reality, they were shells created with the intent to defraud Golem and others. *Id.* at ¶¶ 155.

Second, Defendants knew their representations were false and they made the misrepresentations with the intent to induce Golem to enter into certain agreements with the Telecom Defendants. *Id.* at ¶¶ 156. Indeed, Defendants went as far as sending Golem falsified financial statements of each Telecom Defendant and documents purporting to come from the IRS to convince Golem the Telecom Defendants were legitimate companies and to induce Golem into entering into the agreements. *Id.* at ¶¶ 33, 60, 73, 89, 103, 121, 126.

Lastly, Golem indeed relied on Defendants' misrepresentations and Plaintiff, as Golem's insurer and assignee, suffered damages totaling EUR 1,421,716.26, as set forth in Plaintiff's Declaration of Indebtedness attached as **Exhibit 1**.

    **D.**    **Plaintiff Stated a Claim for Conspiracy to Commit Fraud**

Next, to sustain a claim for civil conspiracy to commit fraud, Plaintiff must allege (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) damages to the plaintiff as a result of the act performed in furtherance of it. *Gilison v. Flagler Bank*, 303 So. 3d 999 (Fla. 4th DCA 2020); *Ben-Yishay v. Mastercraft Dev., LLC*, Case No. 08-cv-14046, 2009 U.S. Dist. LEXIS 126874, *8-9 (S.D. Fla. Dec. 14, 2009).

Plaintiff's allegations, as admitted by Defendants' default, establish a claim for civil conspiracy to commit fraud. Am. Compl., ECF No. 26, ¶¶ 159-164. The First Amended Complaint alleges that Defendants had an agreement to commit fraud using the Telecom Defendants as a front to enter into seemingly legitimate contracts and defraud Golem. *Id.* at ¶ 161. The agreement is evidenced, in part, by the fact that each Individual Defendant sent a virtually identical e-mail to open accounts at DealDefenders and each e-mail stated that the Individual Defendants had been referred to DealDefenders by Arriola and that the Telecom Defendants needed to open escrow accounts even though they did not have open bank accounts. ECF No. 22-1, at 36-43 (e-mail correspondence); Am. Compl., ECF No. 26, ¶¶ 45, 56, 69, 85, 101, 119. The agreement is also supported by the fact that all Telecom Defendants used the same company to register their domains (Am. Compl., ECF No. 26, ¶ 109) as well as the fact that the scheme described in the Complaint is virtually identical to a previous telecommunications fraud for which Arriola was convicted (*Id.* at ¶¶ 132-140) and to a Canadian tax fraud scheme to which Arriola is linked and in which some of the Telecom Defendants are implicated (*Id.* at ¶¶ 141-43).

The First Amended Complaint also alleges that Defendants committed overt acts in furtherance of the conspiracy. For example, the Individual Defendants (i) misappropriated the corporate identities of several companies and misrepresented themselves as representatives of legitimate companies to induce Golem into entering into various agreements (Am. Compl., ECF No. 26, ¶¶ 31, 40, 43, 50, 54, 59, 64, 67, 72, 82, 83, 88, 92, 98, 107, 110, 117, 127-129), (ii) registered the Telecom Defendants' domains and e-mail addresses using the same company (*Id.* at ¶ 109); (iii) provided false financial statements to Golem and/or DealDefenders (*Id.* at ¶¶ 60, 73, 89, 103, 121, 126); and (iv) caused Telecom Defendants to open escrow accounts at

DealDefenders through which Telecom Defendants received proceeds of fraud (*Id.* at ¶¶ 35, 36, 55, 61, 68, 74, 84, 93, 100, 118).

As a result of Defendants' overt acts in furtherance of the conspiracy to commit fraud, Plaintiff suffered damages equal to the unpaid invoices, as described in Plaintiff's Declaration of Indebtedness. Ex. 1.

E. **Plaintiff Stated a Claim for Unjust Enrichment**

To prevail on a claim for unjust enrichment, the plaintiff must show that "(1) the plaintiff conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant voluntarily retained the benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit." *Ho v. City of Boynton Beach*, No. 22-11542, 2023 U.S. App. LEXIS 4984, *4 (11th Cir. Mar. 1, 2023).

Here, Plaintiff's allegations, as admitted by Defendants' default, properly establish a claim for unjust enrichment. Am. Compl., ECF No. 26, ¶¶ 165-170. In its Complaint, Plaintiff alleges that its insured (Golem) conferred a benefit on Defendants by providing traffic routing services (*Id.* at ¶ 167); Defendants voluntarily accepted and used the traffic routing services (*Id.* at ¶ 168); and Defendants did not pay the full price for said services (*Id.* at ¶ 169). Under these circumstances, it would be unjust to allow Defendants to retain the benefit of the traffic routing services provided by Golem without repaying the value of those services to Plaintiff in its capacity of Golem's insurer and subrogee.

F. **The Court Should Award Plaintiff's Costs**

Plaintiff is entitled to an award of costs under Rule 54(d) of the Federal Rules of Civil Procedure. As described in Cristina Vicens Beard's Declaration, attached as **Exhibit 2**, Plaintiff's costs, including for filing fees, service of process, mailing, publication, and translation services

total USD 12,372.85 and should be awarded to Plaintiff. *See Peter v. Alamo Holdings, S.A.*, Case No. 12-cv-60544, 2012 U.S. Dist. LEXIS 202079, *20 (S.D. Fla. Nov. 30, 2012) (awarding costs of service of process, translation of documents, international courier fee, certification fee, and filing fee); *Fagan v. Cent. Bank of Cyprus*, Case No. 19-cv-80239, 2021 U.S. Dist. LEXIS 121603, *56 (S.D. Fla. June 28, 2021) (awarding costs of filing, translations, overseas service, copying, and mailing, but not miscellaneous expenses such as traveling and meals); *Servicios Aereos Platinum, C.A. v. Eagle Support Corp.*, Case No. 18-cv-23050, 2020 U.S. Dist. LEXIS 190046, *4 (S.D. Fla. Oct. 13, 2020) (awarding costs of translation services and process server fees, among others).

### III.     CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court enter a final default judgment against Defendants Louis Arriola; Wiztel USA, Inc.; Josias Mallen; Hansel Hernandez; Telco Solutions, LLC; Osmar Sepulveda; Telco Enterprise, Inc.; Tristan Napoleon Desechenes Martinez; Voister Telecom, Inc.; and Jose Arismendi Santana, jointly and severally, in the principal amount of EUR 1,421,716.26 (converted to USD 1,492,517.73), plus post-judgment interest accruing at the rate under 28 U.S.C. 1961, and costs in the amount of USD 12,372.85.

Dated: December 26, 2024

Respectfully submitted,

 /s/ Cristina Vicens Beard
Cristina Vicens Beard
Florida Bar No. 111357
M. Zachary Bluestone
(admitted *pro hac vice*)

**BLUESTONE, P.C.**
1717 K Street, Suite 900
Washington D.C. 20006
202.655.2250 (telephone)
cvb@bluestonelaw.com
mzb@bluestonelaw.com

*Attorneys for Plaintiff, Credendo-Short-Term Non-EU Risks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2024, copies of the foregoing Motion for Final Default Judgment were sent via mail to each Defendant as indicated in the Service List below:

| | |
|---|---|
| Louis Arriola | **Via U.S. Certified Mail:**<br><br>6735 Colgate Ave.<br>Los Angeles, CA 90048<br><br>8721 Santa Monica Blvd.<br>West Hollywood, CA 90069<br><br>247 S Roxbury Dr.<br>Beverly Hills, CA 90212 |
| Josias Mallen, individually and as registered agent of Wiztel USA, Inc. | **Via FedEx:**<br><br>Calle Jose A. Brea Peña Street, No. 92,<br>Evaristo Morales, Distrito Nacional<br>Santo Domingo, Republica Dominicana |
| Voister Telecom, Inc. | **Via U.S. Certified Mail:**<br>7901 4th Street North |

10

| | |
|---|---|
| | St. Petersburg, FL 33702 |
| Telco Solutions, Inc. | **Via U.S. Certified Mail:**<br>6525 Gunpark Dr.<br>Boulder, CO 80301 |
| Osmar Sepulveda | **Via U.S. Certified Mail:**<br>69 Cathay Rd.<br>Clifton, NJ 07013<br><br>3000 Marcos Drive, P-203<br>Aventura, FL 33160 |
| Hansel Hernandez | **Via U.S. Certified Mail:**<br>13111 Kew Gardens Rd. Apt. 4O<br>Richmond Hill, NY 11418 |
| Telco Enterprise, Inc. | **Via U.S. Certified Mail:**<br>6501 Congress Ave., Suite 100<br>Boca Raton, FL 33487 |
| Tristan Napoleon Desechenes Martinez | **Via FedEx:**<br>Calle Sol de Primavera, No. 30<br>Altos de Arroyo Hondo 3<br>Santo Domingo, Distrito Nacional<br>Republica Dominicana<br><br>Calle Fantino Falco, No. 46<br>Naco, Santo Domingo<br>Distrito Nacional, Republica Dominicana |
| Jose Arismendi Santana | **Via FedEx:**<br>Ave. Romulo Betancourt, No. 2056<br>Santo Domingo, Distrito Nacional<br>Republica Dominicana<br><br>**Via U.S. Certified Mail:**<br>1865 Brickell Ave., Suite A1508<br>Miami, FL 33129 |

*/s/ Cristina Vicens Beard*
By: Cristina Vicens Beard
Florida Bar No. 111357

12