UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24258-CV-MARTINEZ/SANCHEZ

CREDENDO-SHORT-TERM NON-EU RISKS,

    Plaintiff,

v.

LOUIS ARRIOLA; WIZTEL USA, INC.;
JOSIAS MALLEN; HANSEL HERNANDEZ;
TELCO SOLUTIONS, LLC; OSMAR
SEPULVEDA; TELCO ENTERPRISE, INC.;
TRISTAN NAPOLEON DESECHENES
MARTINEZ; VOISTER TELECOM, INC.; and
JOSE ARISMENDI SANTANA,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Final Default Judgment. ECF No. 42.[1] A clerk's default was entered against Defendants. ECF No. 38. Defendants did not respond to the Amended Complaint (ECF No. 26), the Motion for Clerk's Entry of Default (ECF No. 37), or the instant motion (ECF No. 42), and they did not otherwise appear in this case. The deadlines to appear and respond have long passed. Having carefully considered Plaintiff's motion, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 42, be **GRANTED IN PART AND DENIED IN PART**.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant motion to the undersigned. ECF No. 43.

## I.  BACKGROUND[2]

Plaintiff commenced this action against Defendants[3] in November 2023.  ECF No. 1.  The operative Amended Complaint alleges claims against Defendants for common law fraud, conspiracy to commit fraud, and unjust enrichment.  ECF No. 26 at ¶¶ 152-170.

Plaintiff provided credit insurance to Golem.com Srl ("Golem"), a company based in Italy that provides wholesale voice telecommunications services, including voice-over-internet-phone ("VOIP") services and other voice traffic routing services.  *Id.* at ¶¶ 30, 145.  Plaintiff alleges that Defendants "fraudulently reinstated certain companies, including Florida companies; misappropriated corporate identities to enter into fraudulent contracts for voice-over-internet-phone [VOIP] services; incorporated identically-named companies to open escrow accounts to send and receive monies under the fraudulent contracts; and ultimately defraud[ed] Plaintiff for over EUR 1,400,000."  *Id.* at ¶ 1.  In 2018 and 2019, the Individual Defendants, at Arriola's direction and in concert with him, used the Telecom Defendants to "steal, misappropriate or otherwise misrepresent the corporate identities of certain companies and thereafter enter into certain agreements with Golem for traffic routing services."  *Id.* at ¶ 31.  Indeed, according to Plaintiff, Defendants induced Golem to enter into fraudulent contracts by misrepresenting themselves to be officers and representatives of legitimate companies and by providing false financial statements for the Telecom Defendants.  *Id.* at ¶ 33; *see also id.* at ¶¶ 72-75, 97-99, 104, 107-110, 115, 117, 122, 125-129.  As a result of those fraudulent misrepresentations, Golem

---

[2] The following facts are admitted because of Defendants' default.  *See, e.g.*, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan*).

[3] Defendants Arriola, Mallen, Hernandez, Sepulveda, Deschenes, and Santana are collectively referred to as the "Individual Defendants," and Defendants Wiztel USA, Inc., Telco Solutions, LLC, Telco Enterprise, Inc., and Voister Telecom, Inc. are collectively referred to as the "Telecom Defendants."  ECF No. 26 at ¶¶ 24-25.  Together, the Individual Defendants and the Telecom Defendants are referred to as "Defendants."

provided Defendants with telecommunications products and services, but Defendants did not pay Golem for more than EUR 400,000 in products and services that Golem provided to Telco Solutions, LLC, more than EUR 500,000 in products and services that Golem provided to Defendants using the misappropriated corporate identity of Telco Enterprise, Inc., and more than EUR 400,000 in products and services that Golem provided to Defendants using the misappropriated corporate identity of Voister Telecom, Inc. *Id.* at ¶¶ 37, 76-77, 111-112, 130; *see also, e.g.*, *id.* at ¶¶ 1, 168-169; ECF No. 42-1 at 1-8 (Plaintiff's Declaration of Indebtedness).

Plaintiff indemnified Golem under its insurance policy for the losses that Golem sustained for the unpaid products and services that Golem provided to Telco Solutions, LLC and, ostensibly, to Telco Enterprise, Inc. and Voister Telecom, Inc., *see* ECF No. 26 at ¶¶ 78, 113, 131, 146-148, and Golem's right to payment from Defendants was accordingly subrogated to Plaintiff in accordance with the insurance policy terms, *id.* at ¶¶ 149-150.

Defendants were served with the Amended Complaint and the amended summons. *See* ECF Nos. 36, 36-1 to 36-7 (Plaintiff's Response to Order to Show Cause and Exhibits thereto). Defendants did not answer or otherwise respond to the Amended Complaint. On December 4, 2024, the Clerk entered a default against all Defendants. ECF No. 38. The Court thereafter entered an Order on Final Default Judgment Procedure, ordering Defendants to respond to the complaint and file a motion to set aside the Clerk's default by December 19, 2024. ECF No. 39. Defendants did not respond to the Amended Complaint or file a motion to set aside the Clerk's default. Plaintiff subsequently filed the instant motion, requesting that the Court (1) grant default judgment against all Defendants; (2) award Plaintiff damages; and (3) award post-judgment interest and costs. ECF No. 42 at 9.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. First, "[w]hen a party against whom a judgment for

3

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  Second, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

When a clerk enters a default, Plaintiff's well-pleaded allegations are deemed admitted. *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).  Only the well-pleaded allegations are admitted because "entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered'" and the Eleventh Circuit has "interpreted [that] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975), and applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Therefore, before entering default judgment, a court must ensure that the well-pleaded allegations in the complaint "state a substantive cause of action" and provide a "sufficient basis . . . for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

To adequately state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If the admitted facts establish liability, the Court must then assess damages and any other requested relief.  *See, e.g.*, *Chanel, Inc. v. French*, No. 05-61838-Civ, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006).

### III.   LIABILITY

In its motion, Plaintiff seeks final default judgment against all Defendants, jointly and severally, for fraud (Count I); conspiracy to commit fraud (Count II); and unjust enrichment (Count

4

III). ECF No. 42 at 1, 5-8. As discussed below, the undersigned finds that final default judgment is warranted against only some Defendants.

### A. *Fraud and Conspiracy to Commit Fraud (Counts I and II)*

"To establish common law fraud, a plaintiff must show '(1) a false statement or misrepresentation of material fact; (2) the representor's knowledge at the time [that] the misrepresentation is made that the statement is false; (3) an intention that the misrepresentation induce another to act; (4) action in justifiable reliable on the representation; and (5) resulting damage or injury.'" *Gov't Emps. Ins. Co. v. Gomez-Cortes*, No. 20-21558-CIV, 2022 WL 820377, at *3 (S.D. Fla. Jan. 20, 2022) (quoting *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1363 (S.D. Fla. 2000)), *report and recommendation adopted*, 2022 WL 2817961 (S.D. Fla. July 19, 2022). Claims for common law fraud must comply with the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure by setting forth the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Five Star Life Ins. Co. v. Simpson*, No. 3:15-CV-483-J-32JRK, 2015 WL 9582552, at *3 (M.D. Fla. Nov. 25, 2015) (quoting *United States ex rel. Clausen v. Lab. Corp of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)), *report and recommendation adopted*, 2015 WL 9488952 (M.D. Fla. Dec. 30, 2015).

"Where multiple parties are charged with fraud, the complaint must distinguish among defendants and specify their respective roles in the fraud." *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1575 (S.D. Fla. 1993). "The allegations must alert defendants to the precise misconduct with which they are charged." *Id.*

Although Plaintiff pleads "conspiracy" as a separate count, ECF No. 26 at ¶¶ 159-164, "[t]here is no freestanding cause of action in Florida for 'civil conspiracy.'" *Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. 3d DCA 2019). Rather, "[i]n order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort. The conspiracy is merely the vehicle by which the underlying tort was committed, and the allegations of conspiracy permit the plaintiff to hold each conspirator jointly liable for the actions of the coconspirators." *Id.*; *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1339 (11th Cir. 2014) (applying Florida law and concluding that "conspiracy is not a freestanding tort" and that "an actionable conspiracy requires an actionable underlying tort or wrong" (quoting *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997)). In other words, a civil conspiracy claim allows a plaintiff to rely on fraud committed by any co-conspirator to hold other co-conspirators liable for that fraud without separately pleading a fraud claim against each co-conspirator. *See Principal Life Ins. Co. v. Mosberg*, No. 09-22341-CIV, 2010 WL 473042, at *5 (S.D. Fla. Feb. 5, 2010). Indeed, "[t]o be held liable for the acts of all co-conspirators, each co-conspirator 'need only know of the scheme and assist in it in some way.'" *Id.* at *6 (quoting *Donofrio v. Matassini*, 503 So. 2d 1278, 1281 (Fla. 2d DCA 1987)).

The elements of civil conspiracy under Florida law are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Tippens v. Round Island Plantation, LLC*, No. 09-CIV-14036, 2009 WL 2365347, at *4 (S. D. Fla. July 31, 2009) (quoting *UTC Indus., Inc. v. Presidential Fin. Corp.*, 976 So. 2d 92, 94 (Fla. 3d DCA 2008)). Further, as with the substantive fraud claim, "where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead

this act with specificity." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067-68 (11th Cir. 2007).  In short, to establish a defendant's liability for the acts of his co-conspirators, a plaintiff "must plead, with particularity, that [the defendant] knew of the conspiracy and agreed to commit fraud." *Principal Life Ins.*, 2010 WL 473042, at *6.

Here, Plaintiff has sufficiently plead that all Defendants, except Wiztel USA, Inc., Telco Enterprise, Inc., and Voister Telecom, Inc., participated in a conspiracy to defraud Golem and defrauded Golem.

   1. **<u>The Individual Defendants and Telco Solutions, LLC</u>**

Here, the Amended Complaint pleads and establishes that Defendants Mallen, Hernandez, Sepulveda, Desechenes, Santana, and Telco Solutions, LLC knowingly made false statements or misrepresentations of material fact to Golem (specifically misrepresenting the identities of business entities purchasing Golem's services, the defendants' authority to act on behalf of those entities, and the financial statements of those entities) with the intent to induce Golem to enter into agreements and to provide telecommunication services pursuant to those fraudulent agreements; that Golem justifiably relied on those misrepresentations; and that Golem suffered damages as a result.  *See* ECF No. 26 at ¶¶ 40-51 (Mallen), 54-65 (Hernandez), 66-77 (Telco Solutions, LLC, through the acts of Individual Defendants), 82-94 (Sepulveda), 98-112 (Desechenes), 117-130 (Santana); *see also id.* at ¶¶ 154-158.

Although the Amended Complaint does not allege that Defendant Arriola directly made false statements or misrepresentations of material fact to Golem, the Amended Complaint establishes a civil conspiracy to commit fraud involving Defendants Arriola, Mallen, Hernandez, Sepulveda, Desechenes, Santana, and Telco Solutions, LLC.  More specifically, the allegations of the Amended Complaint establish that Defendants Arriola, Mallen, Hernandez, Sepulveda,

7

Desechenes, Santana, and Telco Solutions, LLC were part of an agreement to defraud Golem by falsely representing the identities of the parties contracting with Golem for services, that they acted in concert and at the direction of each other to perpetrate the fraud against Golem, that nearly every one of the co-conspirators engaged in fraudulent acts in furtherance of the conspiracy to defraud Golem, and that Golem suffered damages as a result. *See, e.g.*, ECF No. 26 at ¶¶ 40, 43-44, 50, 54, 55, 60, 62, 67-68, 75, 83-84, 88, 92, 98-100, 107, 110, 117-118, 125, 129, 161-164; *see also supra* (addressing defendants' acts of fraud).

As a result, Defendants Arriola, Mallen, Hernandez, Sepulveda, Desechenes, Santana, and Telco Solutions, LLC are all liable to Plaintiff in connection with the fraudulent acts involving Telco Solutions, LLC, Telco Enterprise, Inc., and Voister Telecom, Inc.[4]

### 2. **Telco Enterprise, Inc. and Voister Telecom, Inc.**

Unlike Plaintiff's claims against the Individual Defendants and Telco Solutions, LLC, Plaintiff's claims for fraud and conspiracy to commit fraud fail as to Telco Enterprise, Inc. and Voister Telecom, Inc. Indeed, the allegations of the Amended Complaint establish that Telco Enterprise, Inc. and Voister Telecom, Inc. were *not* perpetrators of the fraud against Golem and did *not* join the conspiracy to commit that fraud. Instead, the Amended Complaint establishes that the corporate identities of Telco Enterprise, Inc. and Voister Telecom, Inc. were hijacked by other defendants who committed fraud by *masquerading* as Telco Enterprise, Inc. and Voister Telecom, Inc.

Here, although Defendant Desechenes, in concert with the other Individual Defendants, fraudulently reinstated Telco Enterprise, Inc. and misrepresented himself to be acting on behalf of

---

[4] Because Plaintiff only indemnified Golem and is subrogated to Golem's rights in connection with the fraud involving Telco Solutions, LLC, Telco Enterprise, Inc., and Voister Telecom, Inc., these defendants are only liable to Plaintiff for that part of the conspiracy's fraud.

8

Telco Enterprise, Inc. when he fraudulently entered into an agreement with Golem, supposedly on behalf of Telco Enterprise, Inc., *see* ECF No. 26 at ¶¶ 98, 107, Desechenes was not "an officer, director, or otherwise authorized to act on behalf of Defendant Telco Enterprise," *id.* ¶ 104; *see also id.* at ¶¶ 107-108. Telco Enterprise, Inc. was a corporate entity with an independent existence, *see id.* at ¶¶ 95-97, and Desechenes and the other Individual Defendants simply misappropriated its identity and masqueraded as Telco Enterprise, Inc. in order to defraud Golem, *see id.* at ¶¶ 98-99, 104, 107-110, 114-115. There are no allegations in the Amended Complaint that establish that Telco Enterprise, Inc. (the legitimate company fraudulently reinstated by Desechenes) had any knowledge of the fraud scheme, agreed to participate in a conspiracy to commit fraud, or acted in furtherance of the fraud. Accordingly, Plaintiff has not established that Telco Enterprise, Inc. engaged in fraud or a conspiracy to commit fraud, and entry of a default judgment against Telco Enterprise, Inc. on Counts I and II is therefore unwarranted.

Similarly, although Defendant Santana, in concert with the other Individual Defendants, fraudulently reinstated Voister Telecom, Inc. and misrepresented himself to be acting on behalf of Voister Telecom, Inc. when he fraudulently entered into an agreement with Golem, supposedly on behalf of Voister Telecom, Inc., ECF No. 26 at ¶¶ 117, 125, Santana was not "an officer, representative, director, or otherwise authorized to act on behalf of Defendant Voister," *id.* at ¶ 122; *see also id.* at ¶ 128. Voister Telecom, Inc. was a corporate entity that had an independent existence, *see id.* at ¶¶ 116, 128, and "Santana did not actually own Defendant Voister, but simply stole or otherwise misappropriated its corporate identity to use Defendant Voister in the scheme to defraud Golem," *id.* at ¶ 127. There are no allegations in the Amended Complaint that establish that Voister Telecom, Inc. (the legitimate company fraudulently reinstated by Santana) had any knowledge of the fraud scheme, agreed to participate in a conspiracy to commit fraud, or acted in

furtherance of the fraud. Accordingly, Plaintiff has not established that Voister Telecom, Inc. engaged in fraud or a conspiracy to commit fraud, and entry of a default judgment against Voister Telecom, Inc. on Counts I and II is therefore unwarranted.

### 3. Wiztel USA, Inc.

Plaintiff's Amended Complaint also fails to state claims for fraud and conspiracy to commit fraud against Wiztel USA, Inc. Plaintiff has failed to allege that Wiztel USA, Inc. made any false statement or misrepresentation of material fact. Accepting the allegations in the Amended Complaint as true, it appears that Wiztel USA, Inc. funded the activities of other Defendants, *see* ECF No. 26 at ¶¶ 36, 47, 58, 71, 106, 124, but there are no allegations that Wiztel USA, Inc. made any false statements or misrepresentations of its own, that Wiztel USA, Inc. had any knowledge of the fraud being perpetrated by other defendants, that Wiztel USA, Inc. agreed to participate in a conspiracy to commit fraud, or that Wiztel USA, Inc. knowingly acted in furtherance of the fraud. Plaintiff made only conclusory statements about Wiztel USA, Inc.'s involvement as part of undifferentiated allegations concerning "Defendants" and "the Telecom Defendants," but such allegations fail to allege fraud against Wiztel USA, Inc. with the particularity required to distinguish among the defendants and "alert [Wiztel USA, Inc.] to the precise misconduct with which [it] [is] charged." *Leisure Founders, Inc.*, 833 F. Supp. at 1575.

Likewise, Plaintiff has failed to show that Wiztel USA, Inc. entered into an agreement with any other Defendant that would subject Wiztel USA, Inc. to liability for fraud as a co-conspirator. Plaintiffs only allege that "[t]he *Individual Defendants had an agreement to commit fraud using the Telecom Defendants* as a front to enter into seemingly legitimate contracts and defraud Golem." ECF No. 26 at ¶ 161 (emphasis added). That allegation, however, does not establish that Wiztel

USA, Inc. entered into any agreement to defraud Golem or that Wiztel USA, Inc. was even aware of the conspiracy to defraud Golem.

Accordingly, Plaintiff has failed to establish that Wiztel USA, Inc. engaged in fraud or a conspiracy to commit fraud, and entry of a default judgment against Wiztel USA, Inc. on Counts I and II is therefore unwarranted.

### B. Unjust Enrichment (Count III)

Because the undersigned recommends entering a final default judgment as to the fraud claims against defendants Arriola, Mallen, Hernandez, Sepulveda, Santana, Deschenes, and Telco Solutions, LLC, and because Plaintiff is therefore entitled to all of the relief that it seeks against these defendants, *see* Section IV, *infra*, the Court need not, and the undersigned therefore does not, reach and address Plaintiff's Count III unjust enrichment claims and arguments against these defendants. *See, e.g.*, *Wesco Ins. Co. v. Repasky*, Case No. 19-81734-CIV, 2020 WL 3129145, at *3 (S.D. Fla. June 12, 2020); *Wiand v. Clark Asset Mgmt. Co.*, No. 8:22-CV-1512-KKM-TGW, 2023 WL 2975624, at *5 (M.D. Fla. Mar. 27, 2023) (denying unjust enrichment claim pled as an alternative basis for relief as moot where default judgment was to be entered on Florida Uniform Fraudulent Transfer Act claim), *report and recommendation adopted*, 2023 WL 2975622 (M.D. Fla. Apr. 17, 2023). As to the other defendants, that is, Wiztel USA, Inc., Telco Enterprise, Inc., and Voister Telecom, Inc., Plaintiff has failed to state a claim for unjust enrichment.

Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012); *accord Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004).

Here, Plaintiff has not shown that Telco Enterprise, Inc. and Voister Telecom, Inc. "voluntarily accepted and retained [a] benefit" from Golem. Rather, the Amended Complaint alleges that the Individual Defendants "*used . . . Telco Enterprise, and Voister . . .* to steal, misappropriate or otherwise misrepresent the corporate identities of certain companies and thereafter enter into certain agreements with Golem for traffic routing services." ECF No. 26 at ¶ 31 (emphasis added). Although Plaintiff alleges that Telco Enterprise, Inc. and Voister Telecom, Inc. received "products and services from Golem" that were not paid for, *id.* at ¶¶ 112, 130, the allegations in the Amended Complaint make it abundantly clear that the "products and services from Golem" were actually received by other defendants who had misappropriated the corporate identities of Telco Enterprise, Inc. and Voister Telecom, Inc. and were masquerading as those companies, *see id.* at ¶¶ 98-99, 104, 107-110, 114-115, 116-117, 122, 127-129. Moreover, to the extent that Golem provided any products or services to Telco Enterprise, Inc. and Voister Telecom, Inc., there is no allegation establishing that such benefits were knowingly or voluntarily accepted or retained by the *actual* Telco Enterprise, Inc. and Voister Telecom, Inc.

As to Wiztel USA, Inc., Plaintiff alleges no facts showing that Plaintiff (or Golem) conferred any benefit on Wiztel USA, Inc., let alone that Wiztel USA, Inc. voluntarily accepted and retained any such benefit. As discussed above, the Amended Complaint only alleges that Wiztel USA, Inc. funded the Defendants, not that Wiztel USA, Inc. received anything from Golem.

Accordingly, because Plaintiff has failed to allege a claim of unjust enrichment against Telco Enterprise, Inc., Voister Telecom, Inc., and Wiztel USA, Inc., the entry of default judgment against them for unjust enrichment (Count III) is not warranted.

## IV. RELIEF

Because Plaintiff has established liability against a number of the defendants, the Court must next address relief. In its motion, Plaintiff seeks damages, post-judgment interest, and costs. ECF No. 42 at 9; ECF No. 42-1 at ¶ 41.

### A. *Damages*

An evidentiary hearing in regards to damages "is not necessary where there is sufficient evidence on the record to support the request for damages." *Sea Hero*, 234 F. Supp. 3d at 1263; *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)).

Here, a hearing is not necessary because Plaintiff has provided sufficient evidence to support its request for damages. Plaintiff seeks EUR 1,421,716.26 (converted to $1,492,517.73) in compensatory damages, reflecting the losses suffered by Golem and for which Plaintiff indemnified Golem with respect to Defendants Telco Solutions, LLC, Telco Enterprise, Inc., and Voister Telecom, Inc. ECF No. 42 at 9; ECF No. 42-1 at ¶¶ 38, 41. This amount is verified through a Declaration of Indebtedness from Plaintiff's Deputy General Manager and Head of Legal and Claims Management and substantiated through invoices and other documents. ECF No. 42-1. Accordingly, the undersigned finds Plaintiff is entitled to $1,492,517.73 in damages.

### B. *Interest*

Plaintiff also seeks post-judgment interest. ECF No. 42 at 9; ECF No. 42-1 at ¶ 41. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Post-judgment interest should be awarded at the current legal rate allowed under 28 U.S.C. § 1961 as of the date of entry of the Court's entry of final default judgment until the

judgment is satisfied. *Id.*; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (holding that "postjudgment interest properly runs from the date of the entry of judgment"); *see also, e.g.*, *Quality Logistics, LLC v. Ivans Multiservices, LLC*, No. 9:23-CV-80784, 2023 U.S. Dist. LEXIS 190030, at *9 (S.D. Fla. Oct. 23, 2023).

C. **Costs**

Last, Plaintiff seeks $12,372.85 in costs. ECF No. 42 at 9. Plaintiff provides a declaration and itemized list of costs along with invoices. ECF No. 42-2. The undersigned finds that Plaintiff is entitled to costs, but in a lower amount.

Plaintiff seeks to recover its $402.00 filing fee and $200 for issuance of summonses to all Defendants. ECF No. 42-2 at 2. The Docket reflects payment of the filing fee. *See* ECF No. 1. Therefore, Plaintiff should recover this cost. *See, e.g.*, *RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024 WL 384655, at *5 (S.D. Fla. Jan. 8, 2024) ("Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost."), *report and recommendation adopted*, 2024 WL 379948 (S.D. Fla. Feb. 1, 2024); *Viral DRM, LLC v. EVTV Miami, Inc.*, Case No. 23-cv-22903, 2024 WL 728095, at *4 (S.D. Fla. Feb. 22, 2024). Likewise, Plaintiff has submitted a $200 receipt from the court for summons issuance fees, which Plaintiff should recover under § 1920 as a fee of the clerk. *See Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 1:20-CV-22791-BB, 2022 WL 2990815, at *2 (S.D. Fla. July 12, 2022) (awarding summons issue fee), *report and recommendation adopted*, 2022 WL 2982120 (S.D. Fla. July 28, 2022).

Plaintiff also seeks to recover $5,655 in costs incurred for service of process. Plaintiff provides invoices for the process servers. *See* ECF No. 42-2 at 10-33, 39, 41, 45, 47. In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *E.E.O.C. v. W&O,*

14

*Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).  The U.S. Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).  Although the record reveals that Plaintiff had to engage a process server on twenty-seven occasions in this matter (nineteen occasions for service in the United States and eight service attempts in the Dominican Republic), nothing in the motion, attached declarations, or invoices explains why Plaintiff should recover process service fees greater than the U.S. Marshals' rate for one hour for any of those service attempts, and the undersigned accordingly recommends reducing Plaintiff's recovery to $65 per service, for a total of **$1,755**.  *See Sumfinidade Unipessoal LDA v. Yachtlife Techs. Inc.*, No. 24-CV-21555, 2024 WL 4607072, at *11 (S.D. Fla. Sept. 24, 2024) (limiting recovery for process server costs to $65.00 per service), *report and recommendation adopted*, 2024 WL 4602793 (S.D. Fla. Oct. 29, 2024).

Plaintiff also seeks $1,756 for cost of service of process by publication, which was made pursuant to the Court's Order Granting Motion for Substitute and Alternate Service (ECF No. 25). ECF No. 42-2 at 3.  The undersigned finds these costs are recoverable under 28 U.S.C. § 1920(1), "as those costs were necessarily incurred by Plaintiff in effectuating service of process in this case."  *JPMorgan Chase Bank, N.A. v. Sun State Cap. Props., LLC*, No. 617CV110ORL22DCI, 2018 WL 4760818, at *3 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted*, 2018 WL 11343947 (M.D. Fla. Sept. 26, 2018).

Plaintiff further seeks $3,186.36 in translation services (plus $1,260 in sales tax), but these costs are not recoverable.  ECF No. 42-2 at 35, 37, 41, 47.  Under 28 U.S.C. § 1920(6), the courts may tax as costs "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

But the Supreme Court has held that this statute does not apply to written materials. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012) ("Because the ordinary meaning of the word 'interpreter' is a person who translates orally from one language to another, we hold that 'compensation of interpreters' is limited to the cost of oral translation and does not include the cost of document translation."); *MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, 2013 WL 1289261, at *4 (S.D. Fla. Mar. 28, 2013) (finding that § 1920(6) did not encompass "services performed by a private company to translate documents").

Last, Plaintiff seeks $108.49 for mailing costs. "However, mailing costs are not recoverable under 28 U.S.C. § 1920." *Del Toro v. Magnum Constr. Servs., Inc.*, No. 19-CV-62671, 2020 WL 7699964, at *7 (S.D. Fla. Dec. 3, 2020) (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648-49 (S.D. Fla. 2007)), *report and recommendation adopted*, 2020 WL 7698953 (S.D. Fla. Dec. 28, 2020).

Accordingly, the undersigned recommends that Plaintiff be awarded the following costs: $602 for filing fees and summons issuance fees; $1,755 for service of process costs; and $1,756 in costs for service by publication, for a total of **$4,113** in awarded costs.

## V. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 42, be **GRANTED IN PART AND DENIED IN PART** as follows:

(1) That Final Default Judgment be entered against defendants Arriola, Mallen, Hernandez, Sepulveda, Santana, Deschenes, and Telco Solutions, LLC, jointly and severally, in the amount of $1,492,517.73, plus post-judgment interest and $4,113 in costs; and

(2) That Final Default Judgment be **DENIED** as to defendants Wiztel USA, Inc., Telco Enterprise, Inc., and Voister Telecom, Inc. and that the claims against them be **DISMISSED.**

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within seven (7) days from the date of this Report and Recommendation, that is, **by September 12, 2025**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 5th day of September 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
Counsel of Record